## Davis v. Abell.

(Decided November 25, 1919.)

Appeal from Livingston Circuit Court.

Frauds, Statute of—Promise of Partner to Pay Firm Debt Not Within Statute.—A partner who makes an oral promise to pay that part of a firm debt, which is primarily due by another member of the firm, is liable to creditors on the promise notwithstanding the statute of frauds, because a promise to pay the debt of the firm, or a member's part thereof, is equivalent to a promise to pay one's own debt because each partner is bound for the entire indebtedness of the firm, and such a promise need not be in writing.

C. H. WILSON for appellant.

CHARLES FERGUSON and JOHN M. MONTGOMERY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

In 1911 four men, C. B. Davis, J. L. Abell, W. I. Clark and T. M. Davis, organized a partnership under the

firm style of Smithland Tile Company for the purpose
of engaging in the business of manufacturing and sell-
ing brick and tile in the town of Smithland. They were
equal in the business. C. B. Davis and Abell were
solvent, while T. M. Davis and Clark had little or no
property. T. M. Davis was the son of C. B. Davis, and it
appears from the evidence that the son was taken into
the partnership at the instance and request of the father
and upon the assurance of the father that the son's ob-
ligation incurred by reason of the partnership and on its
account would be assumed and paid by the father. The
business was started on borrowed capital and its indebt-
edness increased until at the time it ceased to operate,
some three years after it began business, it owed about
$7,500.00. The business had been a failure. It owned a
small piece of land in Smithland and some brick and tile
machinery, appraised at a little more than $1,000.00.
This property was sold under a judgment of the court
for $1,205.00. It had no other assets except an engine
which C. B. Davis sold for $100.00, and with which sum
he is and should be charged. After the business closed
down T. M. Davis became a non-resident of the state
though he left some real property in or near Smithland.
A part of this, a house and lot, was conveyed by him to
his wife, and this conveyance is attacked by Abell as a
fraudulent conveyance. Clark was in declining health
and wholly unable to pay any part of the partnership
debts. He, on the request of one or both of said
persons, conveyed by deed his one-fourth interest
in the real and personal property of the firm to C.
B. Davis and J. L. Abell, two-thirds to Davis and one-
third to Abell. Clark died shortly thereafter. The in-
debtedness of the firm, which was for borrowed money,
was renewed and carried along for some months. Cred-
itors began to insist upon payment, and Abell and C. B.
Davis approached a Smithland bank with a request for
a loan of $4,500.00. This was granted by loaning Davis
$3,000.00 and Abell $1,500.00 on the representation of
the two men that the whole sum was to be applied upon
the outstanding obligations of the partnership, and that
Davis was assuming and paying both his share and that
of his son. Davis applied only $2,694.83 of the $3,000.00
which he obtained to the extinguishment of the firm's in-
debtedness, while Abell applied the whole $1,500.00 ob-

tained by him to that purpose. This left the firm owing several hundred dollars, which was also represented by notes given by the firm and signed by each of the partners. Finally Abell and C. B. Davis disagreed about the proportion of the firm's indebtedness which each should bear, it being contended by Abell that Davis should carry two-thirds of it and Abell one-third. When this dispute arose, C. B. Davis immediately instituted this action for a settlement of the partnership affairs, and to recover of Abell $861.50, which he alleged he had paid on the partnership debts in excess of the amount paid by Abell, and as incident to said action, sued out a general order of attachment against the property of Abell. Abell made his answer a cross-petition against T. M. Davis and wife, and a counterclaim against C. B. Davis for $319.25, averring that he had paid this amount more on the indebtedness of the firm than had C. B. Davis. T. M. Davis surrendered his property, which was attached, for the satisfaction of his part of the firm's obligation. After proof was heard, the chancellor adjudged the partnership should be closed and its affairs wound up; dismissed C. B. Davis' claim of $861.50 against Abell, and discharged the attachment; adjudged Abell entitled to recover $319.25 of C. B. Davis, but this part of the judgment was later modified by a supplemental judgment requiring Davis to pay the $319.25 on the indebtedness of the partnership instead of paying it to Abell. The attachment of Abell against the property of T. M. Davis was sustained and C. B. Davis was subrogated to the rights of Abell under this judgment lien. The entire property of the partnership was adjudged sold and the proceeds applied to the payment of the firm's debts, and an execution was awarded in favor of the creditors of the firm against all of the partners. The judgment also recited that C. B. Davis declined to prosecute his lien under the attachment against the property of his son, and thereupon the cross-petition of Abell against T. M. Davis was dismissed. C. B. Davis now contends that this was without his knowledge or authority and insists that the judgment in this respect as in many other respects is erroneous. He prosecutes this appeal.

Appellant's chief contention is that C. B. Davis is not liable for that part of the partnership obligation

which was primarily due from his son T. M. Davis in the absence of a writing to that effect, and he seeks to avoid responsibility for this one-fourth of the debts on the ground that one is not bound for the debt or default of another unless his undertaking be in writing and signed by the person to be charged, and he cites the statute of frauds. While this is ordinarily the rule, and the statute of frauds is applied in such case, it has no application here, because the indebtedness is that of the firm of which C. B. Davis was a member, and as such liable for the entire indebtedness. In other words, the obligations of the firm were the obligations of C. B. Davis, and his promise to pay the debt of the firm was the promise to pay his own debt, and this being true, it takes the case out of the statute of frauds. The promise of Davis made to the bank and other creditors appears to be reasonably well established by the evidence, and is binding and it may be enforced though not in writing and signed by the party to be charged. This simplifies the whole matter very much, and renders C. B. Davis liable for two-thirds and Abell liable for one-third of the firm's obligations, and they should be required to pay in this ratio, but Davis should be subrogated to the rights of Abell under the attachment lien on the T. M. Davis property and allowed to recoup his outlay made for T. M. Davis by appropriating the funds derived from the sale of T. M. Davis' property.

As C. B. Davis paid $2,694.83 of the indebtedness of the firm, which payment was for himself and son, there was only $1,347.41 paid on C. B. Davis' account. From this sum must be substracted the amount which C. B. Davis received from Clark, being $333.34, which leaves only $1,014.08 paid by C. B. Davis upon the firm's indebtedness, although T. M. Davis has paid $1,347.41 and Abell $1.500.00 less $166.66, which he received from Clark's interest, leaving $1,333.34. C. B. Davis should first be required to pay on the partnership debts $319.25 so as to make his payment equal to that of his son. Abell should be charged with the difference between $1,347.41, and $1,333.34, the sum he paid; then C. B. Davis is liable for and should pay two-thirds of the remainder of the indebtedness of the firm, and Abell one-third, after the assets are exhausted.

On motion of C. B. Davis the judgment should be corrected in so far as it dismissed the answer and cross-petition of Abell, discharged the attachment against the property of T. M. Davis; and C. B. Davis should be subrogated to the rights of Abell under said attachment lien. To this extent the judgment is reversed, but affirmed in all other respects.

Each party will pay half the costs in this court.

Judgment affirmed in part on the original appeal, and reversed in part on the cross-appeal.